THE MANHATTAN LIFE INSURANCE COMPANY, Respondent, *v.* MORRIS ALEXANDER, Appellant, Impleaded with JACOB P. SOLOMON, Defendant.

*Surety upon a bond — liable when the bond is signed in his name by another person, if acknowledged by him — claim that an issue is not embraced in pleadings, when made too late — when an inference may be drawn from the non-appearance of a subscribing witness.*

Upon the trial of an action brought to recover upon a bond purporting to have been executed by Morris Alexander, as surety for one Solomon, who had been appointed an insurance solicitor for the plaintiff, the complaint alleged the execution and delivery of the bond by Alexander. The plaintiff understood that Alexander claimed not to have signed the bond personally, and evidence was offered for the purpose of establishing, not that Alexander affixed his signature to the bond, but that, with knowledge that a signature purporting to be his had been affixed, he had represented and acknowledged such signature to be his.

The court was asked to charge that "if the jury believe that the defendant (Alexander) did not personally execute the bond he is entitled to a verdict," the defendant alleging that to be the issue presented by the pleadings.

*Held,* that such a position was based upon too narrow a view of the complaint;

That, even if the facts were as the plaintiff attempted to prove them to be, there was an execution of the bond by Alexander, although the signature might have been written by some one else;

That the court properly presented to the jury the issue which the parties had tried without a suggestion that it was not embraced in the pleadings;

That there was nothing in the request to apprise the court of the defendant's contention, that under the pleadings there could be no recovery in the absence of proof that Alexander had personally affixed his signature to the bond.

The court refused to charge that the jury should take into consideration the failure of the plaintiff to call the subscribing witness to the bond, and that no excuse had been given for not calling him as a witness. It appeared that the plaintiff had subpœnaed such witness, and the court had issued an attachment to compel his attendance.

*Held,* that the court properly charged the jury that no inference could be drawn against the plaintiff because of the absence of such witness, for the reason that the plaintiff was not responsible for his non-appearance.

. First Department, October Term, 1895. [Vol. 89.

Appeal by the defendant, Morris Alexander, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of January, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 23d day of January, 1895, denying the defendant's . motion for a new trial made upon the minutes.

*Henry A. Forster* and *John A. Weekes, Jr.*, for the appellant.

*Artemas H. Holmes*, for the respondent.

Parker, J. :

The recovery which the defendant Alexander seeks to have reviewed was had upon a bond purporting to be executed by him as surety for Jacob P. Solomon, who had been appointed an insurance solicitor for the plaintiff.

Upon this, the second trial of the action, the plaintiff understood that the defendant Alexander claimed not to have signed the bond personally, and the evidence offered by it was for the purpose of establishing, not that Alexander affixed his signature to the bond, but that he, with full knowledge that a signature purporting to be his had been affixed, represented and acknowledged the signature to be his, and was, therefore, bound by it. Evidence to the contrary was adduced on behalf of the defendant Alexander, and thus was presented a question for the jury which the trial court carefully and properly submitted to them, resulting in a verdict in favor of the plaintiff.

The appellant now contends that the trial court erred in refusing to charge the jury that " if the jury believe that the defendant did not personally execute the bond he is entitled to a verdict," because, as he alleges, that was the issue presented by the pleadings. This position is based upon too narrow a view of the complaint, and assumes that under it there could be no recovery without proving that the defendant Alexander personally wrote his signature upon the bond. But the complaint does not so allege. It charges the execution and delivery of the bond by the defendant Alexander. And if the fact be as plaintiff attempted to prove and the jury have found, that the defendant Alexander represented and duly acknowledged

the signature on the bond to be his signature, there was an execution of the bond by him, although the signature may have been written by some one else.

But there is a still further answer to the appellant's contention. The plaintiff did not attempt to prove that Alexander wrote the signature personally, but that he represented it to be his, and the evidence tending in that direction was received without objection. Further than that the defendant Alexander attempted to meet this issue When the court came to submit the case to the jury it properly presented to them the issue which the parties had tried without a suggestion that it was not embraced in the pleadings. Then it was too late to present the point, for the first time, had defendant attempted it. But he did not attempt it. There was nothing in the above-quoted request to apprise the court that the defendant Alexander's contention was that under the pleadings there could be no recovery in the absence of proof that he personally affixed his signature to the bond. It suggested to the court simply that it was his view of the law that he was not liable unless he wrote the signature. Under the facts before the court, this was not a sound proposition, and its refusal to charge as requested was not error.

The appellant complains of the refusal of the court to charge that the jury should take into consideration the failure of the plaintiff to call the subscribing witness Steinitz, and that no excuse had been given for not calling him. But this contention is without force because it appears that the plaintiff did subpœna him, and the court issued an attachment against him to compel his attendance. The court, therefore, properly said that no inference could be drawn against the plaintiff because of his absence for the reason that " the plaintiff is not responsible for his non-appearance at this time."

We have carefully considered the appellant's argument intended to persuade us that the verdict is against the weight of evidence; but shall content ourselves with saying that we not only do not agree with him, but we cannot see how the jury could have reached a different conclusion.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.